101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Sidney EPSTEIN, Plaintiff-Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Defendant-Appellee.
 No. 95-6243.
 United States Court of Appeals, Second Circuit.
 March 22, 1996.
 
 APPEARING FOR APPELLANT: Sidney Epstein, Brooklyn, NY, pro se.
 APPEARING FOR APPELLEE: Tracey L. Salmon, Assistant United States Attorney, E.D.N.Y., Brooklyn, NY
 E.D.N.Y.
 AFFIRMED.
 Before FEINBERT, WALKER, Jr., and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 3
 On June 11, 1994, Plaintiff-Appellant Sidney Epstein filed a complaint against the Federal Communications Commission ("FCC") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq. The complaint alleged as follows: (1) Epstein was the inventor of the Quotation Monitoring Unit ("QMU"); (2) Epstein had obtained a patent for the QMU in 1968; (3) FCC regulations in effect at that time (FCC Subsidiary Communications Authorizations regulation) prevented him from profiting from his invention; (4) deregulation did not take place until 1983, by which time Epstein was only two years shy of patent expiration and had already lost his technological lead.
 
 
 4
 Epstein sought compensation from the FCC through a retroactive compensatory award and/or an immediate "pioneer preference award," which would provide him with ownership of radio spectra. Epstein had previously filed an administrative claim against the FCC in this matter which was denied on December 14, 1993.
 
 
 5
 On July 28, 1995, the district court granted Defendant's motion to dismiss the complaint, and dismissed the case. In so doing, the court stated that it lacked subject matter jurisdiction over Epstein's claims because the FTCA prohibits recovery against the FCC for failure to perform a discretionary function, 28 U.S.C. § 2680(a) and also because the FTCA bars recovery against the FCC for its alleged interference with contractual rights, 28 U.S.C. § 2680(h). The court additionally stated that Epstein's claim was barred by the FTCA's statute of limitations, 28 U.S.C. § 2401(b).
 
 
 6
 We are unable to conclude that any of these findings was erroneous. First, the discretionary function exception to FTCA liability applies to the promulgation of the regulations which form the basis for Epstein's complaint. See, e.g., United States v. Varig Airlines, 467 U.S. 797, 813-14 (1984) ("the discretionary function exception ... plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals"). Second, the charge made by Epstein against the FCC is essentially that the FCC has tortiously interfered with a prospective business advantage. As we have previously noted, such a claim is not cognizable under the FTCA. See Chen v. United States, 854 F.2d 622, 628 n. 2 (2d Cir.1988). Finally, because 28 U.S.C. § 2401(b) in relevant part provides: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years ...," the district court did not err in finding Epstein's claim to be time-barred. The injury alleged in this case, Epstein's inability to make use of his patent, first occurred in 1968, when the patent was approved. Even presuming that the implementation of this regulation constituted a continuing tort, the tortious conduct ended in 1983 when the regulations were repealed, yet Epstein failed to file his complaint until 1994.
 
 
 7
 Accordingly, we affirm the judgment of the district court.